WILLIAM H. ADDIS, DEFENDANT IN ERROR, v. SAMUEL W. RUSHMORE, PLAINTIFF IN ERROR.

Submitted December 10, 1906—Decided March 4, 1907.

1. The maxim *falsus in uno falsus in omnibus* is not a mandatory rule of evidence, but rather a permissible inference that the jury may or may not draw when convinced that an attempt has been made by a witness to mislead them in some material respect.
2. While a single bill of exceptions may be employed to authenticate several exceptions, yet each exception must relate to a separate proposition held by the trial judge after his attention is specifically called thereto.
3. An exception taken "to that portion of the court's charge which defines the effect of the Automobile act of 1903," when the court laid down numerous propositions as flowing from that act, is so general as to be nugatory.

---

On error to the Supreme Court.

For the plaintiff in error, *Craig A. Marsh*.

For the defendant in error, *Reed & Coddington*.

The opinion of the court was delivered by

PITNEY, J.    Plaintiff recovered a verdict and judgment for personal injuries sustained by him in a collision between an automobile driven by the defendant and a bicycle propelled by the plaintiff.    The assignments of error relate to the instructions given or refused to be given by the trial justice to the jury.

Only two matters require mention.

*First.* The trial judge refused to charge, as requested, that if the plaintiff had deliberately attempted to exaggerate his injuries, the jury had a right to consider such fact in deciding for themselves how much weight they would give to the other statements in the plaintiff's testimony.    We are unable to find in the record any evidence that the plaintiff did deliberately attempt to exaggerate his injuries.    Assuming that he did so attempt, yet the maxim *falsus in uno falsus in omnibus,* upon which the request to charge was based, is not a mandatory rule of evidence, but is rather a permissible inference that the jury may or may not draw when convinced that an attempt has been made by a witness to mislead them in some material respect.    In the case of the *Santissima Trinidad, 7 Wheat.* 283, 339, Mr. Justice Story said: "Where a party speaks to a fact in respect to which he cannot be presumed liable to mistake, as in relation to the country of his birth, or his being in a vessel on a particular voyage, or living in a particular place, if the fact turn out otherwise, it is extremely difficult to exempt him from the charge of deliberate falsehood, and courts of justice, under such circumstances, are bound, upon principles of law, and morality and justice, to apply the maxim *falsus in uno falsus in omnibus.*"    But this was said in discussing the weight of the evidence, and was not, as we take it, intended to lay down a positive rule of law, to be applied in all cases.    See, also, 3 *Jones Ev.,* § 905; 30 *Am. & Eng. Encycl. L.* (2d ed.) 1072.

*Secondly.* The following exception is made the basis of one of the assignments of error: "The defendant excepts to that portion of the court's charge which defines the effect of the Automobile act of 1903." *Pamph. L., p.* 80. A reference to the charge shows that, in defining the effect of the act referred to, the learned trial justice stated numerous propositions of law, some at least of which are indubitably correct. It seems hardly necessary to repeat, what has been so often laid down by this court and the Supreme Court, that the office of an exception is to direct the mind of the trial judge to the precise point upon which he is alleged to have made an erroneous ruling, and thus obviate mistrials due to inadvertent slips and errors; and if, on the other hand, he adheres to the ruling, when his attention has been called to the point, he is to seal a bill of exception, as evidence to the court of review that the alleged error has been committed. It is a fundamental principle in the common-law method of trial and review that an exception, in order to be of any avail, must be precise and specific. This court does not reverse a judgment upon grounds not taken in the trial court. In *Associates, &c.,* v. *Davison,* 5 *Dutcher* 415, this court pointed out that while one bill of exceptions may be employed to authenticate several distinct exceptions, yet each proposition excepted to should be distinctly stated, so that the court may know the precise matter presented for decision, and so that the court of review may know the error complained of. In the opinion, Justice Whelpley (afterwards Chief Justice) said: "Any bill to the charge of the court which shows on its face the precise decisions complained of, and that they were deliberately decided by the court as separate propositions, and so held by the court after the points were singled out and the attention of the court called to them with reference to the exception to be taken, is sufficient. A charge containing many distinct propositions of law may not be excepted to in gross. The party excepting must at the time point out the error complained of, so that if committed by inadvertence or for want of clearness of expression, or for any other reason, it may be corrected by the court." And

again: "A general objection to evidence stating no reason is insufficient. A general objection to a charge is of no avail. The bill must show that the precise point of which a review is sought was made by the counsel, presented to the mind of the court, and decided before the bill was sealed. If it do that it is sufficient. The number of wafers used is immaterial."

To the same effect are numerous other decisions of this court, among which may be mentioned *Oliver* v. *Phelps,* 1 *Zab.* 597, 609; *Kalbfleisch* v. *Standard Oil Co.,* 14 *Vroom* 259, 260; *Trade Insurance Co.* v. *Barracliff,* 16 *Id.* 543; *Packard* v. *Bergen Neck Railway Co.,* 25 *Id.* 553; *Garretson* v. *Appleton,* 29 *Id.* 386, 391.

The exception now under consideration did not at all point out what legal proposition was intended to be challenged. The exception was therefore nugatory. We may add that the only criticism that is pressed upon us in the argument here is to that clause in the charge which declares in substance that by the Automobile act of 1903 these vehicles are not subjected to section 91 of the Road act of 1874. *Gen. Stat., p.* 2823. This is quite true so far as anything in the act of 1903 is concerned. If the learned trial justice was in error in the view he expressed, aside from the act of 1903, to the effect that automobiles are not "carriages" within the meaning of section 91 of the Road act, which requires drivers of carriages upon the public roads, when met by another carriage, to keep to the right, and when overtaken by a carriage, to likewise keep to the right, so as in both cases to permit the carriage met or overtaken (*sic*) to pass free and uninterrupted, it remains to be said that the effect of this instruction was favorable to the defendant, as tending to absolve him from criticism by reason of the fact that he was driving his motor car on the left side of the street, which admittedly he was doing at the time of the collision.

The other assignments of error have been examined, and found to be without substance.

The judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J. 15.

*For reversal*—None.