SAMUEL P. GERHARDT, PLAINTIFF AND PLAINTIFF IN ERROR, v. ABRAHAM G. BOETTGER, DEFENDANT AND DEFENDANT IN ERROR.

Moved December 12, 1907—Decided June 15, 1908.

1. Exceptions taken at the trial must be so precise and specific as to direct the mind of the trial judge to the exact point objected to. This court will not reverse a judgment on grounds not taken in the trial court.

2. In an action for use and occupation under the third section of the Landlord and Tenant act, which provides that it shall be lawful for a landlord, where the agreement is not by deed, to recover a reasonable satisfaction for his land held and occupied by another, where it appeared that there was a lease stipulating a certain compensation for the use and occupation of some lands, but the evidence left it in doubt whether the lands for whose use the action was brought included the lands covered by the lease, though defendant was put in possession of the lands at the making of the lease, a charge that it was for the jury to decide whether the land was intended to be included in the property originally leased, and whether plaintiff put defendant in possession of the property when the lease was made, in which case there could be no recovery, was proper, as the undisputed fact that at the making of the lease the defendant was put in possession of the lands in question rebutted any presumption that he agreed to pay for their use anything beyond the rent provided by the lease.

On error to the Supreme Court.

This case was tried at the Atlantic Circuit, before Judge Endicott, and a jury, and a verdict rendered for the defendant.

For the plaintiff in error, *William M. Clevenger.*

For the defendant in error, *Clarence L. Cole.*

The opinion of the court was delivered by

VROOM, J.    The action is to recover for the use and occupation, from November 1st, 1899, until October 1st, 1904, of a lot of land in Atlantic City, and described in the first count of the declaration as being on the north side of Arctic avenue, beginning twenty feet east of the east line of Moore street, and fronting fifty feet on Arctic avenue, and being eighty-five feet in depth.    The declaration contains a special count alleging the indebtedness of the defendant for the use and occupation of said premises, and his failure to pay for the same in disregard of his promises, and also a second count containing the common money counts in *assumpsit.*

The defendant pleaded *nil debet* to the first ground above stated, and also a special plea that the plaintiff, "on the thirtieth of October, 1899, by writing under seal, &c., granted and demised to defendant certain premises, described as being a store dwelling and bakehouse and ovens, known as 711 Arctic avenue, in Atlantic City, with the appurtenances, for the term of five years, from the first of November, eighteen hundred and ninety-nine, at the yearly rental or sum of $1,000," and that thereupon the plaintiff put defendant in possession of the premises described in said lease, which premises so described, and which plaintiff put defendant in possession, include the premises described in the declaration, for which possession the defendant paid to the plaintiff the rent by him agreed to be paid, and that thereafter, on the 26th of October, 1904, the plaintiff, by lease in writing under seal, granted and demised unto the defendant "the same store,

dwelling, bakehouse and ovens, located at 711 Arctic avenue, and on the land described in lease between the parties hereto, dated October 30th, 1899, and which the said Boettger used and occupied by virtue thereof from the first day of November, 1899, to the first day of November, 1904, at the rent of one hundred dollars, to be paid in advance," which premises so described include the premises described in the declaration, for which the defendant paid the rent agreed to be paid, and surrendered the possession of the premises at the end of the term therein mentioned. To the second count in the declaration the defendant pleaded the general issue.

The replication of the plaintiff to the special plea averred—*first,* that the writing of October 30th, 1899, did not include the premises described in the plaintiff's declaration, nor was the plaintiff placed in possession of the said premises by the plaintiff, and *secondly,* that the writing dated October 26th, 1904, did not include the premises described in the plaintiff's declaration.

At the trial the defendant introduced in evidence the two leases, which were substantially in form as described in the special plea.

The evidence disclosed that the plaintiff rented to the defendant the property in Atlantic City, twenty feet by eighty-five feet, at the corner of Moore street and Arctic avenue, together with the property sixty-five feet by one hundred feet, containing a bakehouse and stables, by the lease dated November 1st, 1899, and that the defendant went into possession of the lot, thirty feet by eighty-five feet, which stands at the side of the bakehouse, and started to use that lot from the beginning, and continued in possession of it until December 1st, 1904; that he built a one-story store on the front part of the lot and a flour shed along one side, and in the rear he built a shed; that he paid no rent for the lot, and that the lot was reasonably worth $100 a year.

The lease of October 30th, 1899, contains an option to the defendant to purchase a tract of land therein particularly described by metes and bounds, and which description it is insisted included only the first two lots above mentioned, but

it does not appear in the lease that the property of which this option is given is the same property previously demised.

There was no dispute as to the continuous possession by the defendant of the property in question with the full knowledge of the plaintiff, and that no demand was made on the defendant for the payment of rent before the bringing of this suit.

At the close of the case the defendant moved for the direction of a verdict, as did also the plaintiff; the trial judge refused both motions, and exception was taken to the refusal by the plaintiff.

The trial judge, in charging the jury, said: "The question for you to decide is whether the land, for the use of which suit is now brought, was intended to be included in the property originally leased, and whether plaintiff put defendant in possession of that property when the lease was made. If so, there can be no recovery in this case. If it was not leased, not intended to be leased, if he was not put in possession of it as a part of the property which was leased, then the plaintiff would be entitled to recover a fair rental value for the term which the defendant occupied it."

The plaintiff in error relies upon three assignments of error, based upon exceptions taken at the trial. The first exception is that "the plaintiff, after the close of the defendant's case, moved that a verdict be directed in favor of the plaintiff, for the reason that it undisputably appeared that the defendant had occupied and used as tenant the property of the plaintiff, which motion, after argument, his honor, the judge, denied, to which ruling of the court the plaintiff prayed a bill of exceptions, and the judge sealed the exceptions accordingly." I find nothing in this bill of exception which would justify a reversal, even if it had appeared beyond dispute in the bill that the defendant had used and occupied as tenant the property of the plaintiff. This fact alone would not have justified a verdict in favor of the latter, for the reason that from anything that appeared to the contrary, the defendant may have paid the rent as it fell due. But it does not appear from the bill that the defendant had used and

occupied the plaintiff's property as a tenant. There is but the mere assertion of that fact by counsel for the plaintiff as a ground for his motion that a verdict be directed.

The second exception is to the following extract from the charge of the trial judge, viz.: "The question for you to decide is whether the land, for the use of which suit is now brought, was intended to be included in the property originally leased." Nothing appears in this bill of exceptions to show whether this instruction in the charge was proper or not. The lease is not before us, and, for anything that appears to the contrary, the land described in the declaration may have been included with the lease, and, if that is so, the action of the trial court in leaving the question to the jury, rather than deciding it against the plaintiff, was prejudicial to the defendant and not to the plaintiff, and affords no ground of reversal.

The third exception is also directed at an extract contained in the charge, viz.: "And whether plaintiff put defendant into possession of the property when the lease was made; if so, there can be no recovery in this case." Without knowledge of the facts, it is impossible to say that there was anything erroneous in this instruction. There are no facts contained in the bill of exception throwing any light upon the matter.

As was said by Mr. Justice Pitney, in *Addis* v. *Rushmore*, 45 *Vroom* 649, in this court: "It seems hardly necessary to repeat what has been so often laid down by this court, and the Supreme Court, that the office of an exception is to direct the mind of the trial judge to the precise point upon which he is alleged to have made an erroneous ruling, and thus obviate mistrials due to inadvertent slips and errors; and if, on the other hand, he adheres to the ruling, when his attention is called to the point, he is to seal a bill of exception as evidence to the court of review that the alleged error has been committed. It is a fundamental principle in the common-law method of trial and review that an exception to be of any avail must be precise and specific. This court does not reverse on grounds

not taken in the trial court." The exceptions taken here obviously are not precise and specific and fail to present the precise view of which a review was sought.

The numerous decisions of this court upon this question are collated in *Addis* v. *Rushmore, supra,* and need not be again cited.

I think, however, the charge of the court was correct. The action was for use and occupation, under the third section of the act concerning landlords and tenants (*Gen. Stat., p.* 1915), which provides that it shall be lawful for the landlord, where the agreement is not by deed, to recover a reasonable satisfaction for the land held or occupied by the defendant, in an action on the case, for the use and occupation of what was so held or enjoyed; and if in evidence on the trial of such action any parol demise or any agreement, not being by deed, whereon a certain rent was reserved, shall appear, the plaintiff shall not for this reason be nonsuited, but may make use thereof as an evidence of the *quantum* of damages to be recovered.

By this section the action is necessarily based upon the implied undertaking to pay the reasonable value or the agreed value for the use and occupation of plaintiff's lands by the defendant, where there is an informal agreement or no express agreement of letting.

In the present case there was beyond question a stipulated compensation for the use and occupation of some lands, and in case the lands contemplated by this stipulation included the lands occupied there could be no action for anything beyond the stipulated rent. The evidence left it in doubt whether the lands for whose use the action was brought included the lands covered by the lease. The description in the lease was uncertain, and the undisputed fact that at the making of the lease the defendant was put in possession of the lands now in question rebutted any presumption that the defendant agreed to pay for their use anything beyond the rent provided by the lease.

The judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, BOGERT, VROOM, GREEN, GRAY, DILL, J.J.    13

*For reversal*—None.