CHARLES J. STAGG, CLAIMANT, PLAINTIFF IN ERROR, v. LILLIAN BARRETT AND FREDERICK R. BARRETT, BUILDERS AND OWNERS, DEFENDANTS IN ERROR.

Argued December 6, 1909—Decided June 20, 1910.

Upon a controversy concerning the rates of wages for mechanics prevailing at and before the making of a certain building contract— *Held*, not erroneous to exclude evidence of the rates that prevailed long after the making of the contract.

On error to the Bergen County Circuit Court.

For the plaintiff in error, *Peter W. Stagg*.

For the defendants in error, *Raymond P. Wortendyke*.

The opinion of the court was delivered by

Pitney, Chancellor. This was an action upon a mechanics' lien claim, in which the defendants were sued as both builders and owners. *Pamph. L.* 1898, *p.* 538, §§ 1, 16, 23,

24, &c. The pleas filed were the general issue, payment, and a plea that the buildings and lands in question were not liable for the supposed debt. There was also a notice that the defendants would claim a set-off and recoupment for damages occasioned by defective and negligent performance of work by the plaintiff. The trial resulted in a general verdict in favor of the defendants, upon which judgment was entered. This judgment is brought under review by the present writ of error.

There are thirty-seven assignments of error, all based upon exceptions taken at the trial.

A considerable number of these assignments were abandoned upon the argument, and therefore require no present mention. Many assignments are based upon exceptions taken to the overruling of objections to evidence, or the denial of motions to strike out evidence, when no ground was stated as the basis of such objection or motion. These exceptions therefore are futile. *Addis* v. *Rushmore,* 45 *Vroom* 649, 651, and cases cited.

Three exceptions only require particular mention. They relate to rulings by the trial judge excluding evidence offered by the plaintiff in rebuttal. In order to show the situation at the time these rulings were made, it should be premised that the plaintiff's claim was based upon work done and materials furnished by him in repairing or altering certain buildings in the city of Englewood, in Bergen county. The parties agreed that the work was done "by day's work," as it is called. The defendants claimed and testified that there was an agreement with reference to the prices to be paid for work and material; that carpenters were to be paid $3 per day; masons, $3; laborers, $2, with stipulated prices for certain portions of the materials that were to be furnished. The plaintiff denied that any agreement had been made between him and the defendants upon the subject-matter, and based his claim upon the *quantum meruit,* supporting it by introducing in evidence his books of account showing the items of charges for labor and material, and testifying that these prices were reasonable.

In rebuttal, the plaintiff called as a witness a Mr. Bogert, a contracting builder of long experience in Englewood, and

asked him the following question, which was overruled: "What has been the prevailing wages for carpenters for the last three years in Englewood?" Plaintiff also called one Perotta, who testified that he worked upon Mrs. Barrett's house as a carpenter under the plaintiff, and was asked: "What wages did Mr. Stagg pay you?" He also called one Plemus, who testified that he was "a mason and carpenter or plasterer," and who worked for Mr. Stagg upon the Barrett house. He was asked: "What wages did Mr. Stagg pay you?"

All these questions were overruled on the ground that they were not proper rebuttal. The rulings are challenged upon the theory that because the evidence was in conflict upon the question whether there was or was not an express contract between the parties with respect to the rates to be charged per day for the services of the mechanics employed by the plaintiff in the work done for the defendants, it was admissible to show the current rates as tending to render it improbable that an express agreement was made fixing the rates testified by the defendants.

In *Lewis* v. *Goldstein,* 46 *Vroom* 305, where both parties testified that a price had been agreed upon, the plaintiff, however, testifying to a much higher price than that sworn to by the defendant, our Supreme Court held that evidence of the actual value of the services rendered or materials furnished at the time of the making of the contract might be proved, and this on the theory that knowledge of the market rates and values was presumably in the mind of the contracting parties, and that therefore evidence of such market rates would tend to show whose contention as to the agreed rate was probably correct.

So far as we observe, this question has not come before the courts of this state in any other reported case. It is very lightly touched upon in the briefs of counsel in the present case. However, whether Lewis *v.* Goldstein was correctly decided, and whether its reasoning applies to the present case, are questions that we need not consider, because, as we take it, the rulings of the trial judge now under consideration furnish no ground for reversal, even under the doctrine of that case.

The theory is that the current or market rates and values of labor and materials at the time the parties made the contract are admissible as showing what was in their minds at the time, and thus throwing light upon the probability or improbability of their making an agreement fixing certain other and different rates of compensation for the work and materials included in the bargain.

The question asked of the witness Bogert referred to "the prevailing rate for carpenters for the last three years." The trial was in the latter part of December, 1908. The work upon the greenhouse was commenced in August, 1906, and was substantially completed by the end of that year; at least, so far as carpenter work was concerned. The work upon the dwelling-house was commenced in April, 1907, and was continued, according to the plaintiff's claim, until June, 1908. The question asked of the witness Bogert, therefore, was altogether more broad than the plaintiff was entitled to ask upon the theory of Lewis *v.* Goldstein. The inquiry should have been confined to the time of the making of the bargain or bargains respecting the work to be done, and a reasonable time prior thereto.

The propriety of overruling the questions asked of Perotta and Plemus is even more manifest; for those questions related to a time subsequent to the making of the bargain between the plaintiff and defendants, and were plainly not admissible to rebut the defendants' story of what that bargain was.

Of course we do not mean to intimate that it was not admissible for the plaintiff to support his case by showing what were the ruling rates for such services as he rendered to the defendants at the time those services were rendered; but in this aspect the evidence ought to have been introduced as a part of his principal case.

The judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, PARKER, BERGEN, VOORHEES, VREDENBURGH, VROOM, GRAY, DILL, CONGDON, JJ.   12.

*For reversal*—SWAYZE, MINTURN, BOGERT, JJ.   3.